# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15-00947-CV-W-DGK |
| GREATER KC LINC, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART MOTION TO DISMISS AFFIRMATIVE DEFENSES

Pending before the Court is Plaintiff Philadelphia Indemnity Insurance Company's ("Philadelphia") motion for a more definite statement of the affirmative defenses asserted by Defendant Greater KC LINC, Inc. ("LINC") (Doc. 23). For the reasons discussed below, Philadelphia's motion is GRANTED IN PART. The Court dismisses Paragraphs 61, 62, 63, and 65 of LINC's Amended Answer, but gives LINC the opportunity to re-plead them.

### Background

According to the Amended Complaint, a LINC employee allegedly assaulted minors attending an after-school supervision program coordinated by LINC. These minors sued LINC in two cases in Missouri state court.

Before these incidents, Philadelphia issued commercial lines insurance policies to LINC. LINC tendered the two lawsuits to Philadelphia for defense and indemnity. Philadelphia agreed to defend LINC but denied coverage. Philadelphia filed this lawsuit for a declaratory judgment that the policies do not require it to indemnify LINC for any adverse judgments in the two state court lawsuits.

LINC answered the Amended Complaint with seven affirmative defenses, five of which read:

> 61. Plaintiff's claims and/or defenses are barred by waiver, estoppel, laches and unclean hands.
>
> 62. Plaintiff breached its contractual obligations to LINC, thereby releasing LINC from compliance with any conditions.
>
> 63. Plaintiff did not give timely and adequate notice of its reliance upon various policy terms described in the Amended Complaint, to the detriment of LINC.
>
> 64. Plaintiff failed to provide LINC with an adequate and timely explanation for the true basis of its current coverage position based upon the allegations of the Amended Complaint, to the detriment of LINC.
>
> 65. Plaintiff has misrepresented and altered its basis for coverage with respect to the RS Litigation [i.e., one of the state court lawsuits] to fit Plaintiff's coverage theory as additional claims have been asserted against LINC, to the detriment of LINC.

Answer to Am. Compl. ¶¶ 61–65 (Doc. 22).

## Discussion

Philadelphia nominally seeks an order for a more definite statement of LINC's affirmative defenses, but it argues that LINC's affirmative defenses lack sufficient factual detail. In substance, Philadelphia is actually seeking an order for dismissal. *See Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) ("A motion for [a] more definite statement [is] designed to strike at unintelligibility rather than lack of detail in the complaint." (internal quotation marks omitted)). As it has done in previous cases where the movant has mislabeled the relief it seeks, the Court will construe Philadelphia's motion as one to dismiss the Amended Answer. *See, e.g.*, *Smithville 169 v. Citizens Bank & Trust Co.*, No. 4:11-CV-0872-DGK, 2012

WL 13677, at *1, 3 (W.D. Mo. Jan. 4, 2012) (converting a Rule 12(f) motion to strike affirmative defenses into a Rule 12(b)(6) motion to dismiss).

Although district courts have split on the issue, this Court applies a heightened pleading standard to affirmative defenses. *E.g.*, *id.* at *1; *Lucas v. Jerusalem Cafe, LLC*, No. 4:10-CV-0582-DGK, 2011 WL 1364075, at *1–2 (W.D. Mo. Apr. 11, 2011). Under that standard, on a motion to dismiss the court assesses whether the complaint pleads sufficient facts to state a plausible affirmative defense. *See Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc). To do that, the court takes all facts in the answer as true and draws all reasonable inferences in favor of the non-moving party. *See id.* However, the court disregards legal conclusions and "threadbare recitations of the elements of" the defense. *Id.* Then, the court asks whether "the pleaded factual content allows the court to draw the reasonable inference that the" affirmative defense excuses the defendant from liability for the misconduct alleged. *Id.* A reasonable inference is less than a "probability," but more than just "conceivable." *Twombly*, 550 U.S. at 556.

Four of LINC's affirmative defenses at issue are each paradigmatic "threadbare recitations of the elements." Paragraphs 61, 62, 63, and 65 simply recite the names of defenses like waiver, unclean hands, mutual breach, and misrepresentation without explaining how any of these defenses apply. For example, unclean hands requires a showing that the plaintiff "has acted wrongfully with respect to the subject of the suit," thus precluding it from obtaining an equitable remedy. *Sangamon Assocs., Ltd. v. Carpenter 1985 Family P'ship, Ltd.*, 165 S.W.3d 141, 145 (Mo. 2005). The availability of an unclean hands defense requires consideration of "all of the facts and circumstances of a particular case." *Id.* But LINC has not suggested how Philadelphia acted wrongfully with respect to the underlying dispute. Assuming that

3

Philadelphia did act wrongfully, LINC still has not shown what facts and circumstances support application of unclean hands. Similarly, Paragraphs 62 and 63 refer vaguely to provisions of the policies, without identifying what provisions are at issue. These types of deficiencies plague each of Paragraphs 61, 62, 63, and 65.

The Court finds that Paragraph 64 raises a plausible affirmative defense. Paragraph 64 alleges that Philadelphia did not give LINC an adequate explanation for its denial of coverage. Because Philadelphia does not argue otherwise, the Court assumes for present purposes that this is a valid affirmative defense under Missouri law. On that understanding, because the failure to give adequate explanation is a simple concept requiring a simple factual basis, the Court finds that LINC has concisely and fully explained the basis for that affirmative defense.

Finally, LINC asserts that Philadelphia's motion is untimely because the affirmative defenses at issue are identical to those that LINC filed in its first answer. This position is meritless. After the pleadings are closed, a party may move to dismiss a pleading. Fed. R. Civ. P. 12(h)(2). An answer is a pleading. Fed. R. Civ. P. 7(a)(2). Because the pleadings are closed, Philadelphia's motion to dismiss part of a pleading is timely.

**Conclusion**

Because LINC's Paragraphs 61, 62, 63, and 65 do not state affirmative defenses on which the Court can deny Philadelphia relief, Philadelphia's motion (Doc. 23) is GRANTED IN PART. Those paragraphs are DISMISSED from LINC's Amended Answer. No later than June 23, 2016, LINC may file an amended answer addressing the deficiencies identified in this Order.

**IT IS SO ORDERED.**

Dated: June 2, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT